Ellen B. Kamon, Esq. (State Bar No. 102757)
ekamon@tocounsel.com
THEODORA ORINGHER MILLER & RICHMAN PC
2029 Century Park East, Sixth Floor
Los Angeles, California 90067-2907
Telephone: (310) 557-2009
Facsimile: (310) 551-0283

Attorneys for Plaintiff and Counter-
Defendant METROPOLITAN LIFE
INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>JOSEPH M. CASMERO; JUDITH LYNN SPENCER; JACQUELINE M. CASMERO; and DOES 1 through 10, inclusive,<br><br>　　　　　Defendants. | Case No. SACV 08-1456 AG (AJWx)<br><br>**PLAINTIFF AND COUNTER-DEFENDANT METROPOLITAN LIFE INSURANCE COMPANY'S NOTICE OF MOTION AND RULE 12(B)(6) MOTION TO DISMISS**<br><br>Date: July 6, 2009<br>Time: 10:00 a.m.<br>Ctrm: 10-D<br><br>Discovery Cutoff:　None Set<br>Motion Cutoff:　　None Set<br>Trial Date:　　　　None Set |
| JUDITH LYNN SPENCER and JACQUELINE M. CASMERO,<br><br>　　　　　Counter-Claimants,<br><br>　　vs,<br><br>METROPOLITAN LIFE INSURANCE COMPANY,<br><br>　　　　　Counter-Defendant. | |

///

///

///

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on July 6, 2009, at 10:00 a.m. in Courtroom 690 of the above-entitled Court, located at 411 West Fourth Street, Santa Ana, California 92701, Metropolitan Life Insurance Company ("MetLife") will move for a determination by the Court that the Amended Counterclaim of Jacqueline Casmero and Judith Lynn Spencer should be dismissed for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

MetLife's Motion is made on the grounds that the Amended Counterclaim: (1) fails to assert a legal theory that is cognizable as a matter of law; (2) fails to establish an entitlement to relief; and (3) attempts to thwart the right of MetLife to file an interpleader.

This Motion is based upon this Notice of Motion, the accompanying Memorandum of Points and Authorities, the Amended Counterclaim, all pleadings and papers and records on file in this action and upon such further oral and documentary evidence as may be presented at the hearing of this Motion. This Motion is made following an attempted meet and confer between counsel pursuant to United States District Court, Central District of California Local Rule 7-3 which took place on June 2, 2009.

DATED: June 5, 2009        THEODORA ORINGHER MILLER & RICHMAN PC

By: *Ellen Kamon*
Ellen B. Kamon
Attorneys for Plaintiff and Counter-Defendant
METROPOLITAN LIFE INSURANCE COMPANY

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

The Amended Counterclaim filed by Jacqueline Casmero ("Jacqueline") and Judith Lynn Spencer ("Judith") against Metropolitan Life Insurance Company ("MetLife") simply enforces that MetLife, as the stakeholder, is actually threatened with double or multiple liability. A prerequisite for permitting interpleader is that two or more claimants must be adverse to each other. Even a cursory review of the Amended Counterclaim reveals that the gist of the claims is that Judith, Jacqueline and Joseph Casmero ("Joseph") each claim that they are entitled to the funds which have been interpled. Accordingly, since MetLife, as the stakeholder, is threatened with double or multiple liability an interpleader is necessary and appropriate. Judith and Jacqueline's alleged Amended Counterclaim is nothing more than an answer to the interpleader action. Clearly, the Amended Counterclaim is superfluous, and an attempt to unnecessarily keep the impartial stakeholder in the litigation.

## II. STATEMENT OF FACTS

On December 6, 1995, MetLife issued a Variable Annuity Contract, Contract Number 073 016 136 AB on the lives of Joyce M. Casmero and Joseph S. Casmero as joint owners with their three children, Jacqueline, Judith and Joseph as beneficiaries.

On February 9, 1999, MetLife issued a Variable Annuity Contract, Contract Number 077 915 140 AB on the lives of Joyce M. Casmero and Joseph S. Casmero as joint owners with their three children Joseph, Judith and Jacqueline as beneficiaries.

Upon the death of Joyce M. Casmero, both contracts were continued under a spousal continuation option. At that time there was a new beneficiary designation naming Joseph and Jacquelyn as the sole beneficiaries.

Joseph S. Casmero died on or about February 7, 2008, at which time the designation of beneficiary naming Joseph and Jacqueline as the sole beneficiaries was still in effect. However, in 2002 there was an attempt to designate Judith and

1. Jacqueline as beneficiaries; however, the change form was not adequate and not accepted.

On or about March 15, 2008, Jacqueline submitted a claim for benefits. On or about March 28, 2008, Judith also submitted a claim, and on or about May 29, 2008, Joseph submitted a claim for benefits.

Pursuant to a letter dated July 19, 2008, Joseph advised MetLife that he was unwilling to split any of the benefits with Judith because she was not a proper beneficiary.

Jacqueline and Judith erroneously attempt to hold MetLife responsible for permitting multiple claims to exist by asserting that MetLife was responsible for the amended designation of beneficiaries form not being properly maintained. Assuming arguendo that this is true, Joseph could still file a claim challenging the amended designation requiring MetLife to file an interpleader. Essentially, because there are valid competing clams, MetLife has no choice but to file the instant interpleader.

MetLife makes no claims to the benefits other than payment of its reasonable attorney's fees, costs and disbursements in connection with the action. MetLife admits that the annuity proceeds, plus applicable interest, are now due and owing. MetLife has at all times and is now ready, willing and able to pay the Proceeds to the person(s) legally entitled thereto. However, MetLife is unable to ascertain the proper beneficiaries. Consequently, MetLife cannot payout the Proceeds without the risk of multiple liability and the danger of being compelled to pay said Proceeds to each of the above parties.

In light of the adverse claims from the Defendants, MetLife cannot determine, without assuming the responsibility of deciding doubtful questions of law and without the risk of being subjected to costs and expenses in defending itself in a multiplicity of suits or the possibility of multiple payment of the amount due, whether the Proceeds are payable to Judith, Jacqueline and/or Joseph.

///

Because MetLife does not dispute that it holds Proceeds which became payable upon the death of the Annuitant, MetLife is a mere stakeholder, with no interest in the controversy between the defendants. The amount of Proceeds now due and owing under the Annuity Contracts on account of the Annuitant's death is $360,161.17, which amount MetLife has paid into the registry of the Honorable Court concurrently with the filing of the interpleader.

Since the interpleader has been invoked properly, the Amended Counterclaim is superfluous and should be dismissed.

### III. LEGAL ARGUMENT

#### A. The Amended Counterclaim for Interpleader Fails to State Claims Upon Which Relief Can be Granted.

Federal Rules of Civil Procedure ("FRCP") Rule 12(b) (6) provides that a counterclaim, or any of the claims therein, may be challenged by way of a Motion to Dismiss if the Counterclaim, or any particular claim stated therein, fails to state a claim upon which relief can be granted. Although the federal procedural standards for notice pleading contained in the Federal Rules of Civil Procedure are liberal, they are not so liberal as to allow purely conclusory statements to suffice to state a claim that can survive a motion to dismiss under FRCP 12(b)(6). "The court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir 1994). *Miller v. Cont'l Airlines, Inc.*, 260 F. Supp. 2d 931, 935 (D. Cal. 2003).

#### B. The Amended Counterclaim Serves no Useful Purpose.

This Court should exercise its discretion not to hear the Amended Counterclaim because it will serve no useful purpose.

In *United States of America v. High Technology Products, Inc.*, 497 F.3d 637, 641, 2007 U.S. App. Lexis 18756 (6th Circ. 2007) the court discusses when an interpleader is appropriate as follows:

Pursuant to Federal Rule of Civil Procedure 22, "[p]ersons having claims against the plaintiff may be joined as defendants and required to interplead when their claims are such that the plaintiff is or may be exposed to double or multiple liability." FED. R. Civ. P. 22(1). Interpleader is an equitable proceeding that "affords a party who fears being exposed to the vexation of defending multiple claims to a limited fund or property that is under his control a procedure to settle the controversy and satisfy his obligation in a single proceeding."[1] 7 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and Procedure § 1704 (3d ed. 2001) (footnote omitted); *see also Tittle v. v. Enron Corp.*, 463 F.3d 410, 423 (5th Cir. 2006). An interpleader action typically proceeds in two stages. During the first stage, the court determines whether the stakeholder has properly invoked interpleader, including whether the court has jurisdiction over the suit, whether the stakeholder is actually threatened with double or multiple liability, and whether any equitable concerns prevent the use of interpleader. 7 Wright, Miller, & Kane, *supra*, at § 1714. During the second stage, the court determines the respective rights of the claimants to the fund or property at stake via normal litigation processes, including pleading, discovery,

---

[1] Interpleader may be invoked in the federal courts via Rule 22 or via the Interpleader Act, 28 U.S.C. § 1335. In this case, the United States in its complaint invoked interpleader via Rule 22, basing jurisdiction on 28 U.S.C. § 1345, but the general principles discussed in this section apply to both rule and statutory interpleader.

1  motions, and trial, *Id.*
2  The court further noted that:
3  　　As the language of Rule 22 makes clear, "[a] prerequisite for
4  　　permitting interpleader is that two or more claimants must be
5  　　'adverse' to each other." 7 Wright, Miller, & Kane, *supra*, at
6  　　§ 1705 (footnote omitted); *see also* 28 U.S.C. § 1335(a)(1)
7  　　(requiring, as a basis for invoking statutory interpleader, that
8  　　"[t]wo or more adverse claimants . . . are claiming or may
9  　　claim to be entitled to such money or property, or to any one
10 　　or more of the benefits arising by virtue of any note, bond,
11 　　certificate, policy or other instrument, or arising by virtue of
12 　　any such obligation"); *Treinies v. Sunshine Mining Co.*, 308
13 　　U.S. 66, 72, 60 S. Ct. 44, 84 L. Ed. 85 (1939) (noting that
14 　　"there is a real controversy between the adverse claimants"
15 　　in an interpleader action). Accordingly, "[t]he primary test
16 　　for determining the propriety of interpleading the adverse
17 　　claimants and discharging the stakeholder . . . is whether the
18 　　stakeholder legitimately fears multiple vexation directed
19 　　against a single fund [or property]." 7 Wright, Miller, &
20 　　Kane, *supra*, at § 1704 (footnote omitted). (*Supra* at p. 642)
21 　　Here, Counterclaimants seek to have Judith and Jacqueline declared the owner of
22 the proceeds to the exclusion of Joseph Casmero. This is precisely what the
23 interpleader action will resolve. These are factual questions that will resolve by way of
24 the interpleader and are in fact duplicative of the relief sought therein.
25 　　Clearly the Amended Counterclaim is unnecessary and should be dismissed.
26 / / /
27 / / /
28 / / /

### C. As a Disinterested Stakeholder MetLife Should be Dismissed

The core prerequisite for interpleader is that the plaintiff – stakeholder runs the risk, but for determinations in interpleader, of multiple liability when several claimants assert rights to a single fund. (See *Airborne Freight Corp. v. U.S.* 195 F.3d 238, 240 (5th Cir. 1999).

In this action, the designation of beneficiary form that was in effect when Joseph S. Casmero died on or about February 7, 2008, named Joseph and Jacqueline as the sole beneficiaries. Although there was an attempt in 2002 to designate Judith and Jacqueline as beneficiaries the change form was not adequate and not accepted. Notably, Judith and Jacqueline have not produced a valid change of beneficiary form.

Since Jacqueline, Judith and Joseph cannot agree on the proper beneficiary, and MetLife is unable to ascertain the proper beneficiaries, an interpleader is necessary and appropriate. Upon filing the interpleader and paying the funds into the Court, MetLife should be discharged as a disinterested stakeholder.

Instead, Counterclaimants in a misguided attempt to have MetLife remain in the action assert an Amended Counterclaim. The Amended Counterclaim contains no discernable causes of action against MetLife, and is nothing more than counterclaimants' response to the allegations in the interpleader. Moreover, MetLife's admitted liability of owing the funds has been discharged since the funds have been deposited into the court. Clearly, MetLife is a mere stakeholder, with no interest in the controversy between the defendants.

///
///
///
///
///
///
///

*Theodora Oringher Miller & Richman PC*

## IV. CONCLUSION

Based on the foregoing, MetLife respectfully requests that the Amended Counterclaim be dismissed on the basis that it fails to state claims upon which relief can be granted and is unnecessary since the interpleader has been filed.

DATED: June 5, 2009          THEODORA ORINGHER MILLER & RICHMAN PC

By: *Ellen Kamon* (signature)
Ellen B. Kamon
Attorneys for Plaintiff and Counter-Defendant
METROPOLITAN LIFE INSURANCE COMPANY